Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6449
E-mail: jpafiti@pomlaw.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc Gorrie
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com
(*additional counsel on signature page*)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN ISENSEE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KALOBIOS PHARMACEUTICALS, INC., MARTIN SHKRELI, and CHRIS THORN,<br><br>Defendants | Case No.<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Plaintiff Austin Isensee ("Plaintiff"), individually and on behalf of all the other persons similarly situated, by plaintiff's undersigned attorneys, alleges the following based upon personal knowledge as to plaintiff and plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through plaintiff's attorneys, which included, among other things, a review of Securities and Exchange Commission ("SEC") filings by KaloBios Pharmaceuticals, Inc. ("KaloBios" or the "Company"), as well as conference call transcripts and media and analyst reports about the Company. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## SUMMARY OF THE ACTION

2. This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired the common stock of KaloBios between November 19, 2015 and December 16, 2015 (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

## BACKGROUND

3. KaloBios, a biopharmaceutical company, develops monoclonal antibody therapeutics for the treatment of cancer in the United States. The Company's product candidates include KB004, which is in a Phase II clinical trial for the treatment of myelodysplastic syndrome and myelofibrosis; and KB003, which completed a Phase II clinical trial for treatment of chronic myelomonocytic leukemia.

4. KaloBios was founded in 2000 and is headquartered in South San Francisco, California. The Company's stock trades on the NASDAQ under the ticker symbol "KBIO."

5. On November 19, 2015, KaloBios announced that an investor group led by defendant Martin Shkreli ("Shkreli") had acquired 70% of the Company's outstanding shares and that Shkreli had been appointed KaloBios's Chief Executive Officer ("CEO") and elected Chairman of the Company's Board.

6. On this news, KaloBios's stock rose from $2.07 to close at $10.40 on November 19, 2015, an increase of $8.33, or more than 400%.

7. Prior to acquiring KaloBios, Shkreli co-founded and managed the now-defunct hedge fund MSMB Capital Management ("MSMB").

8. Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) Shkreli had misled prospective investors in MSMB with respect to the extent of the funds' assets in order to induce them to invest; (ii) Shkreli had deceived investors in MSMB about the fund's performance, leading them to believe they had earned profits when in fact they had lost money; (iii) Shkreli had committed securities and wire fraud in an effort to illicitly pay back MSMB investors; (iv) KaloBios lacked the capacity to meet its financial obligations and (v) as a result of the foregoing, KaloBios's public statements were materially false and misleading at all relevant times.

9. On December 17, 2015, pre-market, Shkreli was arrested by federal agents on securities and wire fraud charges. Federal prosecutors charged Shkreli with misleading prospective MSMB investors with respect to the extent of the fund's assets in order to induce them to invest, as well as deceived investors in MSMB about the fund's performance, leading them to believe they had earned profits when in fact they had lost money; further, prosecutors charged Shkreli with seeking to pay back MSMB's investors via a "shell game" that constituted securities and wire fraud. On this news,

KaloBios's stock fell as much as $12.04, or more than 50%, before trading was halted pre-market on December 17, 2015.

10. On December 29, 2015, KaloBios filed for Chapter 11 bankruptcy in United States Bankruptcy Court for the District of Delaware.

11. As a result of Defendants' false and/or misleading statements, KaloBios securities traded at inflated prices during the Class Period. However, after disclosure of Defendants' false and/or misleading statements, KaloBios's stock suffered a precipitous decline in market value, thereby causing significant losses and damages to Plaintiff and other Class members.

**JURISDICTION AND VENUE**

12. Jurisdiction is conferred by 28 U.S.C. §1331 and §27 of the 1934 Act. The claims asserted herein arise under §§10(b) and 20(a) of the 1934 Act [15 U.S.C. §§78j(b) and 78t(a)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5].

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because KaloBios is headquartered in this district and many of the acts and practices complained of herein occurred in substantial part in this district.

**PARTIES**

14. Plaintiff purchased or otherwise acquired KaloBios common stock as described in the attached certification and was damaged by the conduct alleged herein.

15. Defendant KaloBios is incorporated in Delaware and trades on the NASDAQ under the ticker symbol "KBIO." The Company's corporate headquarters are located at 442 Littlefield Avenue, South San Francisco, California 94080.

16. Defendant Shkreli served at all relevant times as Chief Executive Officer ("CEO") and Chairman of the Board of KaloBios until his termination as CEO and resignation from the Company's board on December 21, 2015.

17. Defendant Chris Thorn ("Thorn") served as interim Chief Financial Officer ("CFO") of KaloBios from December 3, 2015 until his resignation on December 23, 2015.

18. The defendants named in ¶¶ 16-17 are sometimes referred to herein as the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

**Background**

19. KaloBios, a biopharmaceutical company, develops monoclonal antibody therapeutics for the treatment of cancer in the United States. The Company's product candidates include KB004, which is in a Phase II clinical trial for the treatment of myelodysplastic syndrome and myelofibrosis; and KB003, which completed a Phase II clinical trial for treatment of chronic myelomonocytic leukemia.

20. KaloBios was founded in 2000 and is headquartered in South San Francisco, California. The Company's stock trades on the NASDAQ under the ticker symbol "KBIO."

21. Prior to serving as CEO of KaloBios, Shkreli co-founded and managed the now-defunct hedge fund MSMB.

**False and Misleading Statements were Issued During the Class Period**

22. The Class Period begins on November 19, 2015, when KaloBios issued a press release and filed a Form 8-K with the SEC announcing that an investor group led by defendant Shkreli had acquired 70% of the Company's outstanding shares and that Shkreli had been appointed KaloBios's Chief Executive Officer CEO and elected Chairman of the Company's Board (the "November 19 8-K"). The November 19 8-K stated, in part:

> Mr. Shkreli was also the founder and managing partner of MSMB Capital Management, a New York hedge fund firm founded in 2006 that ceased to operate in 2013 that managed a variety of partnerships. Mr. Shkreli is an experienced biotechnology and pharmaceutical industry investor, particularly in businesses with orphan drugs. Mr. Shkreli received his Bachelors of Business Administration from Baruch College. ***The Company believes that Mr. Shkreli's prior experience, attributes and skills are***

> ***indicators of his professional competence for the role as Chief Executive Officer of the Company.***

(Emphasis added.)

23. On news of Shkreli's appointment as CEO, KaloBios's stock rose from $2.07 to close at $10.40 on November 19, 2015, an increase of $8.33, or more than 400%.

24. The statements referenced in ¶¶ 22-23 were materially false and misleading because defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) Shkreli had deceived investors in MSMB about the fund's performance, leading them to believe they had earned profits when in fact they had lost money; (iii) Shkreli had committed securities and wire fraud in an effort to illicitly pay back MSMB investors; (v) KaloBios lacked the capacity to meet its financial obligations and (v)as a result of the foregoing, KaloBios's public statements were materially false and misleading at all relevant times.

**<u>The Truth Emerges</u>**

25. On December 17, 2015, pre-market, Shkreli was arrested by federal agents on securities and wire fraud charges. Federal prosecutors charged Shkreli with misleading prospective MSMB investors with respect to the extent of the fund's assets in order to induce them to invest, as well as deceived investors in MSMB about the fund's performance, leading them to believe they had earned profits when in fact they had lost money; further, prosecutors charged Shkreli with seeking to pay back MSMB's investors via a "shell game" that constituted securities and wire fraud.

26. On this news, KaloBios's stock fell as much as $12.04, or more than 50%, before trading was halted pre-market on December 17, 2015.

27. On December 29, 2015, KaloBios filed for Chapter 11 bankruptcy in United States Bankruptcy Court for the District of Delaware.

28. As a result of Defendants' false and/or misleading statements, KaloBios securities traded at inflated prices. However, after disclosure of Defendants' false and/or misleading statements, KaloBios's stock suffered a precipitous decline in market value, thereby causing significant losses and damages to Plaintiff and other Class members.

**CLASS ACTION ALLEGATIONS**

29. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased or otherwise acquired KaloBios common stock during the Class Period (the "Class"). Excluded from the Class are defendants and their family members, directors and officers of KaloBios and their families and affiliates.

30. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, KaloBios' securities were actively traded on the NASDAQ Stock Market (the "NASDAQ"). While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Millions of KaloBios shares were traded publicly during the Class Period on the NASDAQ. As of August 7, 2015, KaloBios had 4,123,921 shares of common stock outstanding. Record owners and other members of the Class may be identified from records maintained by KaloBios or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

31. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

(a) Whether the 1934 Act was violated by defendants;

(b) Whether defendants omitted and/or misrepresented material facts;

(c) Whether defendants' statements omitted material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

(d) Whether defendants knew or recklessly disregarded that their statements were false and misleading;

(e) Whether the price of KaloBios common stock was artificially inflated; and

(f) The extent of damage sustained by Class members and the appropriate measure of damages.

32. Plaintiff's claims are typical of those of the Class because plaintiff and the Class sustained damages from defendants' wrongful conduct.

33. Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in class action securities litigation. Plaintiff has no interests which conflict with those of the Class.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**NO SAFE HARBOR**

35. KaloBios's verbal "Safe Harbor" warnings accompanying its oral forward-looking statements ("FLS") issued during the Class Period were ineffective to shield those statements from liability.

36. The defendants are also liable for any false or misleading FLS pleaded because, at the time each FLS was made, the speaker knew the FLS was false or misleading and the FLS was authorized and/or approved by an executive officer of KaloBios who knew that the FLS was false. None of the historic or present tense statements made by defendants were assumptions underlying or relating to any plan, projection or statement of future economic performance, as they were not stated to be such assumptions underlying or relating to any projection or statement of future economic

performance when made, nor were any of the projections or forecasts made by defendants expressly related to or stated to be dependent on those historic or present tense statements when made.

**APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD ON THE MARKET**

37. Plaintiff will rely upon the presumption of reliance established by the fraud-on-the-market doctrine in that, among other things:

(a) Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

(b) The omissions and misrepresentations were material;

(c) The Company's stock traded in an efficient market;

(d) The misrepresentations alleged would tend to induce a reasonable investor to misjudge the value of the Company's stock; and

(e) Plaintiff and other members of the Class purchased KaloBios common stock between the time defendants misrepresented or failed to disclose material facts and the time the true facts were disclosed, without knowledge of the misrepresented or omitted facts.

38. At all relevant times, the market for KaloBios's common stock was efficient for the following reasons, among others:

(a) As a regulated issuer, KaloBios filed periodic public reports with the SEC; and

(b) KaloBios regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the major news wire services and through other wide-ranging public disclosures, such as communications with the financial press, securities analysts and other similar reporting services ownership of KaloBios stock, the Individual Defendants had the power and authority to cause KaloBios to engage in the wrongful

conduct complained of herein. KaloBios controlled the Individual Defendants and all of its employees. By reason of such conduct, defendants are liable pursuant to §20(a) of the 1934 Act.

**COUNT I**
**(Against All Defendants For Violations of**
**Section 10(b) and Rule 10b-5 Promulgated Thereunder)**

39. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

40. This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

41. During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of KaloBios securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire KaloBios securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

42. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the

market for KaloBios securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about KaloBios's finances and business prospects.

43. By virtue of their positions at KaloBios, defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants. Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

44. Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of KaloBios securities from their personal portfolios.

45. Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control. As the senior managers and/or directors of KaloBios, the Individual Defendants had knowledge of the details of KaloBios's internal affairs.

46. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of KaloBios. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to KaloBios's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of

KaloBios securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning KaloBios's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased or otherwise acquired KaloBios securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by defendants, and were damaged thereby.

47. During the Class Period, KaloBios securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of KaloBios securities at prices artificially inflated by defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of KaloBios securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of KaloBios securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

48. By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

49. As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

**COUNT II**
**(Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)**

50. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51. During the Class Period, the Individual Defendants participated in the operation and management of KaloBios, and conducted and participated, directly and indirectly, in the conduct of KaloBios's business affairs. Because of their senior positions, they knew the adverse non-public information about KaloBios's misstatement of income and expenses and false financial statements.

52. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to KaloBios's financial condition and results of operations, and to correct promptly any public statements issued by KaloBios which had become materially false or misleading.

53. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which KaloBios disseminated in the marketplace during the Class Period concerning KaloBios's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause KaloBios to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of KaloBios within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of KaloBios securities.

54. Each of the Individual Defendants, therefore, acted as a controlling person of KaloBios. By reason of their senior management positions and/or being directors of KaloBios, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, KaloBios to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of KaloBios and possessed the power to control the

specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

55. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by KaloBios.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for relief and judgment as follows:

A. Determining that this action is a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a Class representative under Rule 23 of the Federal Rules of Civil Procedure and plaintiff's counsel as Lead Counsel;

B. Awarding plaintiff and the members of the Class damages and interest;

C. Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

DATED: December 31, 2015

Respectfully submitted,

*/s/Jennifer Pafiti*____________
Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6449
E-mail: jpafiti@pomlaw.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc Gorrie
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Patrick V. Dahlstrom
**POMERANTZ LLP**
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*